# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LANETTE LAIRD** | : |
| 187 Rowford Ave. SW | : |
| Massillon, Ohio 44646 | : |
| | : |
| and | : CASE NO. 5:21-cv-1244 |
| | : |
| **JESSICA ELLIOTT** | : JUDGE |
| 11190 Lincoln Street SE | : |
| East Canton, OH 44730 | : |
| | : MAGISTRATE JUDGE |
| | : |
| | : **Jury Endorsement Contained Hereon** |
| on their behalf and on behalf of all | : |
| others similarly situated, | : |
| | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| **LIFE LINE SCREENING** | : |
| **OF AMERICA LTD.** | : |
| 4645 Fulton Rd NW | : |
| Canton, OH 44718 | : |
| | : |
| c/o Registered Agent Solutions, Inc. | : |
| 4568 Mayfield Rd, Ste 204 | : |
| Cleveland, OH 44121 | : |
| | : |
| Defendant. | : |

# **COMPLAINT**

NOW COMES Plaintiffs Lanette Laird and Jessica Elliott ("Plaintiffs"), on behalf of themselves and others similarly situated, and proffer this Complaint for damages against Defendant Life Line Screening of America ("Defendant").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiffs' claims arising under the law of the United States and over actions to secure equitable and other relief.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiffs entered into an employment relationship with Defendant in the Northern District of Ohio and performed their job duties there and Defendant is doing and has done substantial business in the Northern District of Ohio.

## THE PARTIES

4. Plaintiff Lanette Laird is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Laird resides in Stark County, Ohio.

5. Plaintiff Jessica Elliott is an individual, a United States citizen, and a resident of the state of Ohio. Ms. Elliott resides in Stark County, Ohio.

6. Defendant Life Line Screening of America Ltd. is a domestic limited liability company registered to do business in Ohio and conducts business in the Northern District of Ohio.

## WAGE AND OVERTIME

7. At all times relevant herein, Plaintiffs were employees of Defendant as defined in the FLSA.

8. At all relevant times herein, Plaintiffs were hourly, non-exempt employees of Defendant as defined in the FLSA.

9. Plaintiffs bring this action on their own behalf and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. The consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). (Attached as Exhibit A and Exhibit B).

10. At all times relevant herein, Defendant Life Line Screening of America Ltd. was considered a covered "employer" as that term is defined by the FLSA.

11. At all times relevant to this action, Defendant was engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL BACKGROUND RELEVANT TO ALL CLAIMS

12. Defendant Life Line Screening of America Ltd. is a preventative health screening provider with locations throughout the United States, including Canton, Ohio and Cleveland, Ohio.

13. At all times relevant herein, Plaintiffs were Health Service Coordinators.

14. Plaintiff Laird began working full-time for Defendant in or around August 2019 and currently remains in her position.

15. Plaintiff Elliott began working full-time for Defendant in or around November 2018 and currently remains in her position.

16. Plaintiffs' job duties include scheduling and coordinating screening trucks for client events and providing support as the liaisons between the screening trucks and Defendant's clients.

17. As part of their job duties, Plaintiffs and all other Health Service Coordinators are required to call clients on a call list by a designated deadline.

18. When Plaintiffs and all other Health Service Coordinators do not complete their call list by the deadline, Plaintiffs and all other Health Service Coordinators are required to work additional hours to complete their call list.

19. At all times relevant herein, all Health Service Coordinators, including Plaintiffs, were paid on an hourly basis.

20. Plaintiffs and other Health Service Coordinators consistently worked more than 40 hours in a workweek.

21. Defendant prohibited Plaintiffs and other Health Service Coordinators from logging more than 40 hours of work in a workweek.

22. Defendant required Plaintiffs and other Health Service Coordinators to work "off the clock" in order to meet deadlines.

23. At all times relevant herein, Plaintiffs and other Health Service Coordinators were not paid overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

24. At all times relevant herein, Defendant did not provide any compensation to Plaintiffs and other Health Service Coordinators for their hours worked over 40 hours per workweek.

25. On or around January 25, 2021, Louise Hancovsky, Senior Team Leader for Community Sales, emailed Plaintiff Laird saying, "going forward no OT will be given on deadline day to finish deadlines you will have to get done ahead of deadline and or on deadline day even if that means working off the clock which there are **many reps** that do this in order to get their job completed." A copy of this email has been attached hereto as Exhibit C.

26. Again, on or around May 28, 2021, Ms. Hancovsky emailed Plaintiff Laird asking, "[a]re you planning on working off the clock so your deadline can get done?"

4

27. Plaintiff Laird responded by saying, "Since we have been working from home I have put in multiple hours each week that are not on the clock. I'm not doing this anymore… No I will not be working off the clock for any reason."

28. Ms. Hancovsky responded in part, "[r]emember finishing deadline is everyone's job and there are many reps who have had to work 'off the clock' to get the job done." This email chain has been attached hereto as Exhibit D.

29. Upon information and belief, Plaintiffs and other Health Service Coordinators have been required to work without pay beginning in or around early 2019 to present. Health Service Coordinators must work off the clock to complete their jobs.

30. Plaintiffs and other Health Service Coordinators are routinely working overtime hours off the clock and not being paid for those hours, in violation of the FLSA.

**FIRST CAUSE OF ACTION**
**(FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime)**

31. All of the preceding paragraphs are realleged as if fully rewritten herein.

32. Plaintiffs bring their FLSA claim pursuant to 29 U.S.C. § 216(b) as representative action on behalf of themselves and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly Health Service Coordinators employed by Defendant from June 24, 2018 through the present who did not receive any compensation for hours worked over 40 hours in a workweek or overtime payment at a rate of one and one-half times their Regular Rate of Pay for all hours worked in a workweek in excess of 40 (hereinafter referred to as "SSPs").[1]

---

[1] For purposes of the collective definition, "the present" shall be the date on which Court conditionally certifies a the collective and orders notice be sent to the collective.

33. Upon information and belief, from June 24, 2018 through the present, Defendant has continuously employed more than 30 SSPs in its Canton, Ohio facility.

34. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiffs are representatives of all SSPs and are acting on behalf of their interests as well as their own in bringing this action.

35. These SSPs are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

36. Plaintiffs and the SSPs were paid on an hourly basis.

37. Plaintiffs and the SSPs were non-exempt employees.

38. Plaintiffs and the SSPs frequently worked more than 40 hours per week.

39. Defendant refused to pay overtime pay to Plaintiffs and the SSPs.

40. Defendant even encouraged "working off the clock" to get the job done.

41. Plaintiffs and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

42. Defendant was aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek but were not receiving any compensation or overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

43. It was Defendant's intent that Plaintiffs and the SSP's work off the clock and not be paid for it, as Exhibits C and D explicitly reflect a directive to work off the clock to meet deadlines and get the job done.

44. Defendant's violation of the FLSA was willful, as Defendant knew or demonstrated reckless disregard as whether it was required to pay Plaintiff and the SSPs at an overtime premium for all hours worked in a workweek in excess of 40. Here, Defendant knew it was violating the law, as it could not have possibly believed that instructing individuals to perform work off the clock and not be paid for it was legal. Defendant knew this directive was in violation of the FLSA.

45. Accordingly, Plaintiffs and the SSPs were forced to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## **PRAYER FOR RELIEF**

WHEREFORE, Certification as a collective action to all SSPs and appointment of Plaintiffs Laird and Elliott and their counsel to represent the Class; payment of damages, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration, and attorney's fees; injunctive relief for Defendant to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA in an amount greater than $100,000.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
(Rachel@TFFLegal.com)

Peter G. Friedmann (0089293)
([Pete@TFFLegal.com](mailto:Pete@TFFLegal.com))
Jamie R. Bailey (0099789)
([Jamie@TheFriedmannFirm.com](mailto:Jamie@TheFriedmannFirm.com))
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiff*

# JURY DEMAND

Plaintiffs demand a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *Rachel Sabo Friedmann, Esq.*
Rachel Sabo Friedmann (0089226)