UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LANETTE LAIRD, et al., | ) | CASE NO. 5:21-cv-1244 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| LIFE LINE SCREENING OF AMERICA LTD., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiffs' unopposed motion for an order granting final approval of a collective action settlement pursuant to 29 U.S.C. § 216(b) ("Motion"). (Doc. No. 21.) The Settlement and Release Agreement ("Settlement") is attached to the Motion. (Doc. No. 21-1.) Because the Court finds that the Settlement represents a fair resolution of plaintiffs' claims, the Motion is granted and the Settlement is approved.

### I. BACKGROUND

Named plaintiffs Lanette Laird and Jessica Elliot, on behalf of themselves and similarly situated employees (collectively "plaintiffs"), filed a collective action against defendant Life Line Screening of America Ltd ("defendant" or "Life Line") alleging that defendant failed to pay them for all wages earned, including overtime compensation at a rate of one and one-half times their respective regular rates for hours worked in excess of forty (40) hours in a work week in violation of the Fair Labor Standards Act ("FLSA") and brought their action pursuant to 29 U.S.C. § 216(b).

(Doc. No. 1.) Defendant denies that it violated the FLSA and affirmatively asserts that some or all of plaintiffs' claims are barred by the applicable statute of limitations. (*See* Doc. No. 6.)

After plaintiffs filed a motion for class certification (Doc. No. 5), the parties filed a Joint Proposed Stipulation for an Order for Conditional Certification and a proposed Notice to Opt-In and Consent Form, which the Court approved (Doc. Nos. 12 and 13).[1] Subsequently, the parties advised the Court that they desired to pursue mediation with the magistrate judge after the end of the opt-in period. (*See* Minutes of proceedings [non-document] dated September 14, 2021; Doc. No. 15.) On March 23, 2022, at a mediation before Magistrate Judge Carmen Henderson, the parties reached a settlement. (*See* Minutes of proceedings [non-document] dated March 23, 2022.) The Settlement resolves all of plaintiffs' disputed claims.

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA

---

[1] Plaintiffs Kathleen Lee and Sara LeBeau opted in to become plaintiff class members.

2

claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve the settlement of suits brought pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of an FLSA claim, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense, and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney fees, the fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

**III. ANALYSIS**

At the outset, the Court finds that the parties' divergent view of the facts and the law present bona fide disputes that, had the parties not reached a settlement, would have necessitated resolution by the Court and/or a jury. The parties disagree as to whether plaintiffs were properly compensated

3

for any and all overtime worked, plaintiffs' claims are time-barred, collective certification is appropriate, defendant's alleged FLSA violations were willful, and whether liquidated damages should be awarded. (*See* Doc. No. 21 at 5–6; *see also* Doc. No. 6.) Having reviewed its terms, the Court finds that the Settlement represents a fair and reasonable resolution of the parties' bona fide disputes and was the result of arms-length negotiations between the parties that were represented by able counsel with the assistance of a mediator, and there is no indicia of fraud or collusion before the Court. (*See* Doc. No. 21 at 7.)

With respect to the monetary awards to the plaintiffs, class counsel avers that the Settlement will compensate them for almost the entire amount of the disputed unpaid overtime they allege they worked. (Doc. No. 21 at 8–9; Doc. No. 21-2 (Declaration of Class Counsel Attorney Rachel Sabo Friedmann) ¶¶ 8–9.) Taking into account the opinion of class counsel that the Settlement will compensate plaintiffs completely, or nearly completely, for their alleged unpaid overtime without the need for risky and lengthy litigation, the Court find that the Settlement is a fair and adequate compromise of the parties' disputed positions and in the best interest of the plaintiffs.

As to the award of attorney fees to plaintiffs' counsel, the Court finds that the award is reasonable, taking into account that a successful outcome providing substantial relief to plaintiffs was achieved at an early state of litigation, and constitutes an amount that is less than the 40% contingent fee arrangement agreed to by plaintiffs and class counsel at the outset of the litigation. (*See* Doc. No. 21-2 ¶¶ 10–11.) Moreover, similar contingent fee arrangements of one-third of the total award have been determined to be reasonable and approved in FLSA collective actions in this judicial district. *See e.g. Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL

4

776933, at *8 (N.D. Ohio Mar. 8, 2010) (citing cases); *Shanahan v. KeyBank*, No. 1:19-cv-2477, 2021 WL 1034403, at *5 (N.D. Ohio Mar. 16, 2021) (approving requested attorney fee award of one-third of settlement).

## IV. CONCLUSION

For all of the foregoing reasons, the Court approves the Settlement attached to the Motion, including the award of attorneys' fees, as it represents a fair and reasonable resolution of bona fide disputes of federal law. The parties are ordered to take all necessary steps to implement and complete the settlement process as described in the Settlement, and the Court agrees to retain jurisdiction over the Settlement as provided therein (Doc. No. 21-1 ¶ 5.3).

A final agreed dismissal entry with prejudice, approved by counsel for all parties, shall be filed in accordance with the terms of the Settlement (Doc. No. 21-1 ¶ 3.1). This case is closed

**IT IS SO ORDERED**.

Dated: April 27, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**